■ In the Matter of RONALD DAVIDSON, Appellant, v CHARLES SCULLY, as Warden of the New York State Department of Correctional Services, Respondent.

Petitioner brought this proceeding complaining that the practice at Green Haven Correctional Facility of requiring inmates to "operate and close their [own] cell doors" was dangerous and that he was threatened with punishment if he refused to comply with this practice. On appeal, he argues that Special Term incorrectly dismissed the proceeding without considering the merits. We cannot agree.

Prior to instituting this proceeding, petitioner did not present his complaint to the grievance resolution committee at the correctional facility, which was specifically established to resolve such grievances pursuant to Correction Law § 139 (1). Thus, he failed to exhaust his administrative remedies before seeking judicial review. It is well settled that where an inmate bringing an article 78 proceeding has failed to pursue an administrative remedy available to him through the grievance procedure, the proceeding should be dismissed without prejudice to further proceedings under the grievance procedure (*see, Matter of Patterson v Smith,* 53 NY2d 98). Accordingly, dismissal was proper. Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.

■ In the Matter of the Estate of ANTHONY A. DE FRANCESCO, Deceased. ADELE DE FRANCESCO, Appellant; SALVATORE DI CONZA, Respondent.

Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.